**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Tampa Division**

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> HUMZA JEWELERS INC d/b/a CROWN DIAMOND JEWELERS and IRFAN MUHAMMAD, <br><br> Defendants. | Case No.  8:16-cv-2219-T-30AEP |

## **PERMANENT INJUNCTION**

This came before the Court on the joint application of Plaintiff Rolex Watch U.S.A., Inc. (hereinafter referred to as "Plaintiff" or "Rolex") and Defendants Humza Jewelers Inc., d/b/a Crown Diamond Jewelers ("CDJ"), and Irfan Muhammad ("Muhammad") (hereinafter collectively "Defendants").

Plaintiff and Defendants (hereinafter collectively referred to as the "Parties") have stipulated and agreed as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and  28 U.S.C. § 1339 because this action alleges claims which arise under the trademark laws of the United States (specifically, 15 U.S.C. §§ 1114, 1116, 1117 & 1125).

2. This Court has jurisdiction over Defendants.

3. Plaintiff is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of Rolex's registered trademarks.

4. Plaintiff owns several federally registered trademarks, including, but not limited to, the following federal trademark registrations in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| ♕ | 657,756 | 1/28/1958 | Timepieces of all kinds and parts thereof. |
| ♕ | 4,458,524 | 12/31/2013 | Retail store services featuring watches, timepieces, clocks and jewelry |

These two registrations are heinafter referred to as the "CROWN DESIGN Registered Trademarks."

5. Defendant CDJ is a jewelry store which advertises, displays and offers for sale pre-owned Rolex watches, among other things. Defendant Muhammad is the President, Chief Executive Officer, owner and operator of Defendant CDJ.

6. The Parties have entered into a settlement agreement, pursuant to which the Parties have agreed to the entry of the following Permanent Injunction, without any admission of wrongdoing or liability by Defendants, or any evidentiary findings by the Court. Consistent with the stipulation of the Parties, the Court, having considered all pleadings and other documents filed in this action, hereby directs the entry of this Permanent Injunction and HEREBY ORDERS that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

(a) Using any reproduction, counterfeit, copy or colorable imitation of the CROWN DESIGN Registered Trademarks to identify any goods or services;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation, or weaken the distinctive quality of the CROWN DESIGN Registered Trademarks, Rolex's name, reputation or goodwill;

(c) using a false description or representation, including the CROWN DESIGN Registered Trademarks, or other trademarks or tradenames owned by Rolex, to falsely describe or represent their goods or services as being those warranted by, sponsored by, associated with, or affiliated with, Rolex;

(d) using the CROWN DESIGN Registered Trademarks or other trademarks and tradenames owned by Rolex in connection with Defendants' promotion, marketing, advertisement, display and signage of any goods or services;

(e) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead consumers, the public or the trade, or individual members thereof, to believe that any services provided, products distributed, sold or offered for sale, by Defendants are in any way warranted, sponsored, approved or authorized by Rolex;

(f) engaging in any conduct constituting an infringement of the CROWN DESIGN Registered Trademarks and any of Rolex's trademarks, of Rolex's rights in, or to use or to exploit, said trademarks, or constituting any weakening of Rolex's name, reputation and goodwill;

(g) using the CROWN DESIGN Registered Trademarks or Rolex trade name or any variation thereof, in connection with Defendants' offer to sell and/or sale of goods, including, but not limited to, the use of the CROWN DESIGN Registered Trademarks on any signage, or in any other media; and

3

(h)     effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (g) above.

7.     Notwithstanding the prohibitions contained in paragraph 6 above, Defendants may continue to use pictures of actual pre-owned Rolex watches, as well as the Rolex name in fair use, on Defendants' website or in their store in connection with Defendants' efforts to inform the public that Defendants sell and repair pre-owned Rolex watches.

8.     This Permanent Injunction is binding upon the Parties and their respective officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with them.

9.     This Permanent Injunction shall be deemed to have been served upon the Parties at the time it is posted by the Court on the ECF docket.

10.     The Court hereby rereserves and retains continuing jurisdiction to enforce the provisions of the Permanent Injunction entered herein and over the parties hereto for the purpose of enforcing the terms of this Permanent Injunction, as well as the terms of the parties' underlying settlement agreement.

11.    The Clerk is directed to close this case.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 27th day of September, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record